# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-10827
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DENIS FLORES-VASQUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:07-CR-11-1

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Denis Flores-Vasquez challenges his conviction and sentence for illegal reentry after deportation, in violation of 8 U.S.C. § 1326; 6 U.S.C. §§ 202(3), 202(4), 557. He first argues that the district court abused its discretion by refusing to instruct the jury regarding the defense of duress. He contends that, when he illegally reentered the United States in 2007, he was "fleeing for his life" from a gang in Honduras who, in 2004, had murdered his business partner, severely beaten him, and had continued to threaten him. However, an objective

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review of the evidence, including the testimony of Flores-Vasquez, does not establish that he was under a "present, imminent, and impending" threat of death or serious bodily injury when he illegally reentered the United States in January 2007. See United States v. Posada-Rios, 158 F.3d 832, 873 (5th Cir. 1998); see also United States v. Willis, 38 F.3d 170, 175 (5th Cir. 1994) (finding that the requirements of duress in Posada-Rios are " addressed to the impact of a threat on a reasonable person). Because Flores-Vasquez has not presented evidence sufficient to support a defense of duress jury instruction, the district court did not abuse its discretion in refusing to present this charge to the jury. See United States v. Storm, 36 F.3d 1289, 1294 (5th Cir. 1994).

Flores-Vasquez also argues that the district court erred by denying an acceptance of responsibility reduction U.S.S.G. § 3E1.1(a). He argues that, because he admitted the factual elements of the offense, and only went to trial to show that the defense of duress presented a "legal excuse' to his actions, his decision to go to trial constitutes a "rare situation" as described in U.S.S.G. § 3E1.1(a), comment. (n.2) and in United States v. Sam, 467 F. 3d 857, 862-64 (5th Cir. 2006), that justifies a reduction for acceptance of responsibility. This court need not reach this issue, however, because Flores-Vasquez's pretrial statements do not evidence an intent to accept responsibility for his actions. See § 3E1.1(a), comment. (n.2).

Flores-Vasquez argues that the district court adopted the Government's erroneous position that he "had made no pre-trial statement indicating his guilt of the offense." The Government's position at sentencing, however, was that Flores-Vasquez had not made any statements evidencing an intent to plead guilty or accept responsibility before trial. The Government's position, adopted by the district court, is supported by the record. There is no indication that Flores-Vasquez intended to plead guilty, and his conduct pre-trial did reflect an acceptance of responsibility. Flores-Vasquez lied to law enforcement officers about his country of origin and his identity. Flores-Vasquez was properly

identified only after immigration officials checked his fingerprints.  Moreover, the record indicates that Flores-Vasquez did not assert the defense of duress until trial had already started.  Thus, the district court's denial of the reduction is not "without foundation."  See United States v. Solis, 299 F.3d 420, 458 (5th Cir. 2002); see also § 3E1.1(a), comment. (n.20).

AFFIRMED.